(No. 94-CC-0579—

WILLIAM MCNEIL, Claimant, *v.* THE STATE OF ILLINOIS and JUDGE VINCENT J. CERRI, Respondents.

*Order filed February 1, 1995.*
*Order on petition for rehearing filed April 12, 1995.*

WILLIAM MCNEIL, *pro se*, for Claimant.

JIM RYAN, Attorney General (ANNELIESE B. FIERTOS, Assistant Attorney General, of counsel), for Respondents.

## ORDER

RAUCCI, J.

This cause coming on to be heard on the Respondent State of Illinois' motion to dismiss, the Court having considered the memoranda of both parties and the Court being fully advised in the premises, the Court finds:

(1) Claimant filed a complaint against Respondents alleging judicial misconduct by Judge Vincent J. Cerri. The Respondent State of Illinois has filed a motion to dismiss

asserting that the actions of Judge Cerri are not cognizable by virtue of the doctrine of judicial immunity. Claimant maintains that since the General Assembly has passed an indemnification statute (5 ILCS 350/2), therefore the doctrine of judicial immunity does not apply.

(2) Claimant also filed an action against Judge Cerri in the circuit court of the 12th judicial circuit, Will County arising from the same acts. That action was dismissed, and the dismissal affirmed by the appellate court for the 3rd judicial district in *McNeil v. Cerri*, No. 3-93-0719 (unpublished opinion, July 25, 1994). As stated by Justice Breslin:

"As long as a judge is acting within his jurisdiction, he enjoys absolute immunity for acts performed in his judicial capacity irrespective of whether the act was done mistakenly, maliciously or in excess of authority. (*Illinois Traffic Court Driver Improvement Educational Foundation v. Peoria Journal Star, Inc.* (1986), 144 Ill. App. 3d 555, 494 N.E.2d 939; *Stump v. Starkman* (1978), 435 U.S. 349, 55 L. Ed. 2d 331, 98 S. Ct. 1099.) Since the trial judge in the present case was acting within his jurisdiction, we affirm the judgment of the circuit court of Will County ° ° ° "

The issue of indemnification of the judge is not raised in a case in which there is no liability.

(3) While not urged by Respondent in its motion to dismiss, we also note that this claim would be barred by the doctrine of *res judicata*.

It is therefore ordered that the motion to dismiss is granted, and this claim is dismissed and forever barred.

## ORDER

RAUCCI, J.

This cause coming on to be heard on the Claimant's petition for rehearing, the Court having considered the petition and the Court being fully advised in the premises, the Court finds:

The petition for rehearing is without merit and should be denied.

It is therefore ordered that the petition for rehearing is denied.